UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

JOSE L. ROSAS TORRES, ET AL.,     *
    *
    Plaintiffs     *
    *
v.     *     Civ. No. 98-1446 (PG)
    *
CARLOS RIVERA RODRIGUEZ, ET AL.,     *
    *
    Defendants     *
    *
* * * * * * * * * * * * * * *

## **OPINION & ORDER**

As part of its responsibility for managing its docket, this Court has revisited the file of this case and notes the following chronology of events:

1. *April 24, 1998*: Complaint filed. (Dkt. 1)
2. *September 15, 1998*: Motion by Jose L. Rosas-Torres, Digna Quintana-Del Valle, the Conjugal Partnership of the Rosas-Quintana, and Galeiska Marie Torres-Quintana for Eric Berlingeri to withdraw as attorney. (Dkt. 6) Court granted the motion October 26, 1998.
3. *February 9, 1999*: Felix G. Figueroa-Figueroa, Ramon J. Ocasio, and Pedro Toledo-Davila filed their answer to the complaint. (Dkt. 7)
4. *February 9, 1999*: Motion to Dismiss filed by Pedro Toledo-Davila. (Dkt. 8)
5. *March 26, 1999*: Jose L. Rosas-Torres, Digna Quintana-Del Valle, the Conjugal Partnership of the Rosas-Quintana, and Galeiska Marie Torres-Quintana filed motion requesting leave to file an amended complaint. (Dkt. 9)
6. *March 30, 1999*: Jose L. Rosas-Torres, Digna Quintana-Del Valle, the Conjugal Partnership of the Rosas-Quintana, and Galeiska Marie Torres-Quintana filed response to Pedro Toledo-Davila's motion to dismiss. (Dkt. 10)
7. *April 29, 1999*: The Court granted leave to file amended complaint and such was filed. (Dkt 11)
8. *July 12, 1999*: The Court denied Pedro Toledo-Davila's motion to dismiss.
9. *October 5, 1999*: Motion by Jose L. Rosas-Torres, Digna Quintana-Del Valle, the Conjugal Partnership of the Rosas-Quintana, and Galeiska Marie Torres-Quintana for Jorge Carazo to withdraw as attorney and to extend time for a period of thirty (30) days for plaintiffs to announce new legal representation. (Dkt. 17)



AO 72A
(Rev.8/82)

Civ. No. 98-1446 (PG) 2.

10. *October 12, 1999*: The Court granted the motion to withdraw as attorney and granted 30 days to announce new legal representation (deadline of November 12, 1999). (Dkt. 18)
11. *April 18, 2000*: The Court order plaintiffs to show cause as to why this case should not be dismissed for lack of prosecution (response due May 1, 2000). (Dkt. 19)

## DISCUSSION

No substantive action has been taken in this case since July 12, 1999, when the Court denied Co-defendant Pedro Toledo-Davila's Motion to Dismiss. Moreover, on April 18, 2000, the Court granted Plaintiffs' attorney ten (10) days to show cause why this case should not be dismissed for lack of prosecution. (Dkt. 10) That deadline has come and gone with nothing further occurring.

It is the plaintiff's responsibility to develop and prosecute its own case. This Court has the responsibility "to achieve the orderly and expeditious disposition of cases," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Therefore, pursuant to this "court['s] . . . unquestionable authority to dismiss a case with prejudice for want of prosecution in order to prevent undue delay in the disposition of pending cases, docket congestion and the possibility of harassment of defendant," *Jardines Ltd Partnership v. Executive Homesearch Realty Serv. Inc.*, 178 F.R.D. 365 (D.P.R. 1998); *see also Zavala-Santiago v. González-Rivera*, 553 F.2d 710 (1st Cir. 1977), the Court **DISMISSES** the case **WITH PREJUDICE**. This Court's docket is congested enough and there is no place for plaintiffs who sit back and waste the Court's valuable time.

**WHEREFORE**, the above captioned case is hereby **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 17, 2000.

JUAN M. PEREZ-GIMENEZ
U. S. District Judge

AO 72A
(Rev.8/82)